Alright, our last case of the day is Cruz versus Garland and Ms. Vera I understand you'll be arguing and also introducing your co-counsel. All right, go ahead May it please the court, Paulina Vera, pro bono attorney with the GW Law Immigration Clinic on behalf of petitioner Mr. Cruz Cruz I will be splitting my time today with GW Law student Cornelia Waugh In this case a first impression before the Fourth Circuit The issue at case here is whether a Virginia statute criminalizing... As you get started Could you just explain for the court how you're going to split the issues so we don't step on your arguments? Certainly your honor, so I will be addressing two issues The first of which is that de novo is the appropriate standard of review secondly, I will be addressing that intent to deceive alone does not categorically make a Statute a crime involving moral turpitude while Cornelia will be addressing the realistic probability test All right, go ahead. So in this case of first impression before the Fourth Circuit The issue is whether a Virginia statute criminalizing a 30-second mistake is a categorically a crime involving moral turpitude Can I stop you right there? I Don't understand how this is a statute criminalizing a mistake I mean, I'll tell you what I think is the hardest problem in this case for me Your clients description of what he did is Inconsistent with the statute to which he pleaded guilty because if he made an innocent mistake because he misunderstood the officer He is not guilty under this statute And so I don't know what to do with the fact that his testimony is inconsistent with the requirements of the statute Well, your honor, um, miss While we'll be addressing how we can bring in the facts of this case under the realistic probability test I will be looking more at the elemental language, which I'm happy to agree with she pled guilty That's the problem that I think Judge Heitens is raising. He pled guilty to intent to deceive Correct, your honor and I am going to argue that intent to deceive alone Actually does not rise to the level of a crime involving moral turpitude, but it's not just intended to deceive alone It's intended to see the law enforcement officer That's that's correct your honor and I will it's not intending to deceive an insurance agent my friend my neighbor I have to intend to deceive a law enforcement officer That's correct your honor and and I will address that right now so Yes, there is a specific intent to deceive a law enforcement officer as to a person's identity And the government argues that this is what makes the Virginia statute inherently fraudulent There is this idea that generally crimes involving intent to deceive are considered to involve moral turpitude But note the qualifying language generally. I asked this panel to look at our sister circuits in the 7th 8th 9th Why don't we address our circuit? What what would you do with the Ramirez case? Yes, and and actually the 7th 8th 9th and 10th circuits were favorably cited by this court in the Nunez-Vasquez case Okay, but what about Ramirez? Yes, your honor. And so Ramirez does differ from this case at hand because in that in that case There was a result-oriented Approach to well to the way that that statute was written The reason that Intent to deceive alone does not rise to a level of a crime involving moral turpitude is because like other circuits have said Here a false statement can violate the statute even if it doesn't actually impede the investigation So here the lawful intent detention has already taken place and there's no requirement that the false ID led to any actual harm We know that legislatures know how to write those harms in the statute if you look at Nunez-Vasquez That was a Virginia statute which specifically listed the results of to avoid summons arrest Prosecution or to impede a criminal investigation This is similar to some other some of the other cases cited by both Cornelia and myself as well as the government And Jorado Delgado the Pennsylvania statute there specifically listed an intent to mislead in official functions Here we simply have an intent to Deceive as to one's identity, but it's not necessary. Well, it's actually not just that it's intent to deceive about my identity After being lawfully detained, right? I don't think we can split up this statute into this intent to deceive or even intend to deceive a law enforcement officer It is intent to deceive a law enforcement officer about who you are After you have been detained Why doesn't that necessarily have a least predictable impact on impeding an official investigation It strikes me the only reason you would mislead someone about your official identity after having been lawfully detained is Because you are trying to well mislead the officer for some reason presumably because you don't want them to figure out who you really are Yes, your honor and that may be one result that does stem from this statute But I guess the analogy I'm drawing is to 18 U.S.C. 1001 which requires a materiality But materiality doesn't require that it actually affect the law enforcement investigation. It requires that it have a Predictable or reasonable probability of impacting a law enforcement investigation. This seems like a really similar statute to me Sure, could I imagine a situation? I mean my chamber of staff came up with an example about a person who looks just like Keanu Reeves saying I'm Keanu Reeves And then the officer like goes really and you're like, no just kidding. Haha Fine that person I Theoretically might violate this statute But it seems like the overwhelming likelihood of instances where you are attempting to mislead a law enforcement officer About your true identity after being detained will have at least a reasonable probability of affecting an official investigation And again, your honor that may be the case But again, we look at minimum conduct right that can be prosecuted And so again, Miss Wall will address the realistic probability test and sort of similar to your hypothetical, right? there there was an instance there were a person without status was nervous in the moment gave a Incomplete name and then within 30 seconds corrected that mistake So what is the minimum conduct here that could be prosecuted that does not involve deceit? So so again, I'm looking to even to our own case, which we're allowed to do under the realistic probability test We have a case where the investigation actually was not impeded because 30 seconds our client gave not only his real name But additional identifying information that is his birthday, right? And there was no impeding of the investigation because the lawful detention was not impeded He was ultimately charged went to court So none of those lawful processes, but the statute itself requires with the intent to deceive the law enforcement officer so What is The conduct that could be punished under this statute that doesn't require an intent to deceive Your honor. I see that I have about 20 seconds left. May I yet? Okay And could I piggyback on that? It seems to me your better argument is not that there is an intent to deceive because he admitted intent to deceive But that it isn't conduct that independently violates a moral norm And I haven't heard you talk about that at all is are you abandoning that as part of your argument or or not? And I think the Eighth Circuit case of Bobadilla is instructive in that because I'm looking at very similar conduct to the to the present case The the Eighth Circuit said right folks that get stopped in a traffic stop or maybe not acting their best self, right? They may be nervous in the moment. They may give Misinformation but that doesn't necessarily mean that that conduct is going to be morally turpitudinous Such that it is a categorical match to a crime of voluntary moral turpitude Thank you, Your Honor, and I will now turn it over to All right. Thank you. And Ms. Wah will hear from you Your honors, my name is Cornelia Wah, student attorney with the GW Law Immigration Clinic I would like to highlight that this case is about 30 seconds, 30 seconds That now has a family wondering if a lifelong partner and a loving father will remain home with them So today I will discuss the realistic Probability test and conclude that no morally turpitudinous conduct was involved in Mr. Cruz's conviction His conduct did not shock the public's conscience as being base, vile, or morally depraved. In this case The BIA erred in a number of ways. First, the BIA with no support from any authoritative case law Agreed with the IG that since Mr. Cruz pled guilty to his conviction He was restricted from pointing to his own case for the realistic probability test. The BIA also concluded that Mr. Cruz did not submit a plea colloquy or a court transcript and therefore could not prove that the statute was overbroad So, how is it that the realistic probability test Undoes his guilty plea to intent to deceive? I'm your honor. So the realistic probability test doesn't undo his guilty plea But what we're arguing here today is I guess I mean undermine the fact that he pled guilty to intent to deceive Would you repeat? How does the realistic probability test undermine, undercut Discount the fact that he pled guilty to intent to deceive. Well, your honor based on case law a guilty plea never precludes the court from looking at the realistic probability in terms of a non-citizen and Even in the case that we're arguing today your honor. What is your best case and for realistic probability here? Well, your honor for a realistic probability. We've cited to Silva Trevino we've cited to Nunez Alvarez and even cases where Non-citizens have pled guilty such as Matar Ferreira, United States versus Johnson and in these cases your honor Defendants have pled guilty and the court never used that against them to say that they are not eligible for the realistic probability test Oh, I don't think there's any question that your client is entitled to the realistic probability test I guess I'll just I'll ask you the question I asked your colleague which is when I read the blue briefs description of what he did That person is not guilty under this statute and so I don't know how but but he pleaded guilty, but your client pleaded guilty and so I Certainly go your client can take advantage of the realistic probability test. He can certainly point to other people's cases He can even point to the facts of his cases, but whether it's preclusion whether it's full faith and credit I just don't understand how as a way of showing that this statute applies in a particular situation We can look at the facts of your client's case in his account of an action That as described by him does not violate the statute. He's not guilty He should have pled not guilty and he would have been acquitted And so I don't see how we can consider that and I guess when judge Thacker says what case says we can do that Well, your honor, there is no case law that says you can or can't do that There are many situations where non-citizens have pled guilty to offenses, but I don't believe that in any way your honor Bars him from showing that his conduct in this case doesn't rise to a level of moral turpitude You know if he was advised did he have counsel in the underlying proceeding? So later that he did have a public defender in this case Do we know if he was advised of the immigration consequences of his guilty plea under Padilla versus Kentucky? Your honor may I get back to that on rebuttal? Absolutely. Absolutely. Thank you. It just strikes. It's a Padilla. Is it a case that the Supreme Court says? If Non-citizens have a right to be advised to the immigration consequences of being pleading guilty Before they do so and it strikes me here I guess one question is did his counsel tell him and if and if his counsel didn't have him he might have had an ineffective assistance of counsel claim understand So your honor, I would like to move on to the fact that mr. Cruz's testimony in this case was sufficient He testified under oath before the immigration judge and the government did not dispute the facts involved in this case I would also like to add that general district courts in Virginia are courts not off record So oftentimes judges are not required to even put plea bargains in writing and they don't necessarily well Excuse me counsel. Have you have you been in a general district court in Virginia? No, your honor. Okay There is no such thing as a written record. Okay, there is There are no plea colloquies. I mean it seems to me that in reading the briefs and listening to argument there's a disassociation from reality going on here as to what occurs in a criminal court in a general district court in Virginia when there might be two or three hundred people processed in two hours and in both sides are discussing a Situation that is not reality and that gives me a lot of concern. So Perhaps you could take that into account. Yes, your honor. Thank you. Thank you very much for that To proceed your honor, I would like to highlight. Mr. Cruz's conduct the day of his arrest The police officer approached. Mr. Cruz and asked him for his name in incoherent Spanish Mr. Cruz gave his correct first and last name, which is typically acceptable and to notice that there was some confusion within 30 seconds Your honor. Mr. Cruz wrote down his correct first and last name and gave his date of birth your honor in this case Mr. Cruz's conduct was not Marley. Are you saying he never gave a Different name. Yes, your honor. He gave an incorrect middle name. But what I'm arguing here today left that part out I'm sorry, your honor. That's the key part. That's the deceit. Yes, your honor So he gave his correct first and last name and an incorrect middle name The police officer did ask him for his name again this time in complete English And this is when mr Cruz wrote down his name for him on a piece of paper and also gave his date of birth your honors I understand that. Mr. Cruz is guilty plea is of some contention But I do want to point out that we're looking at the minimum conduct that was prosecuted and mr Cruz was arrested and convicted and charged for the Virgin is statute 19.2 82.1 Regardless of whether he pled guilty or honor the conduct on the day He was arrested falls outside the scope of what is typically considered to be a crime involving moral turpitude I thank you your honors. All right. Thank you. You have time and rebuttal and we'll hear from mr. Minute now Good morning, may it please the court William minute representing the respondent The offense in this case is a crime involving moral turpitude because it expressly requires an intent to impair a government function by Deceit and so the board's decisions in matter of well It doesn't doesn't require an intent to impair a government function according to the wording in the statute It's an intent to deceive the law enforcement officer as to his real identity That's right. Correct your honor So the statute does involve specific intent to deceive And It bears on a government function so the board's decisions in Flores and Gerardo are controlling so you're saying that in it necessarily requires an Violation of an independent moral norm, which is what we say is is generally required for a crime involving moral turpitude It there has to be an independent norm moral norm that's being violated something intrinsically Offensive morally about this conduct, isn't that correct? Okay, so that then if I come in to court and I'm charged with no operator's license not driving without a valid operator's license, which happens every day in Virginia okay, and I Have at the scene of being detained lawfully by the police. I tell the police officer that I'm my sister okay, I intend to deceive the police officer because I'm underage or because I already have a speeding ticket and when the officer runs the record check, he's gonna find that I have a speeding ticket and What independent moral norm is violated because I've been driving a car Six months short of my 18th birthday, and I don't want the police to know about it Where's the independent norm being violated there? Intentive to see of your honor in Nunez this court. So you're saying per se it's intent to deceive. That's all that's required So if I just get if I lie to an officer about my age Okay, let's just say that I lie to an officer about my age per se You're saying that's a crime involving moral turpitude This court has said in Ramirez, no, but I'm asking you about the independent moral norm Deception this court says fraud deception. These are aggravating factors that make violation of a mere statute They elevate it to violating a moral norm this court said so if I drive with excuse me So if I drive without a valid operator's license in Virginia because I am six months short of My birthday I have violated an independent moral norm when I tell the officer That I'm my sister who's who is old enough to drive and has a license If the statute requires an intent to deceive and you make a false statement to the police officer Yes, that's a crime of all the moral turpitude In Ramirez this court gave examples of aggravating factors that elevate mere violation of a law to a violation And it said we hold that obstruction of justice in that case is not a CIMT because it may be committed without fraud comma deception Comma or any other aggravating element that shocks the public right but but but in Ramirez It also says that it's a CM CIMT if the intended obstruction is an immoral act or result So what is an immoral? About driving without a License and telling the police officer that I'm my sister. What's what's intrinsically more immoral about that? You're saying just because I lied anytime. I lie about my age about Anything and I'm driving without a license violated an independent moral norm of society Statute requires an intent to deceive. Yes, if you intend to deceive the officer and Make a false statement to the police officer That's an obstruction type crime with an aggravating element Deception. Okay. Can somebody intend to deceive then by Initially giving an incorrect name and then correcting it. I Mean is an independent norm violated if I give the wrong name Intending to deceive but then I corrected a few minutes later. Have I then committed an intrinsically immoral act By Initially giving a false name, even though I corrected it Yes, your honor because the the the moral turpitude derives from your initial response to the police your intent to deceive them and give them a false name on the fact that Subsequently corrected does not go back and erase the moral turpid. Well in moral moral turpitude in Ramirez We noted that the BIA defines moral turpitude as behavior that quote Shocks the public conscience as being inherently base file or depraved How does what judge Keenan is describing or or the facts of this case? How is that? Moral turpitude as the BIA has defined it inherently base file or depraved They defined Obstructing in Flores they set out their definition that inherently base file or depraved includes Obstructing an important government function through deceit and then they built on that in matter of Gerardo in which they said deceit The deceit is critical and then in Ramirez this court in discussing Gerardo Said in Gerardo deceit was the critical aggravator that rendered an obstruction offense a CIMT and Of course in Ramirez that went on to point out that the statute in that case did not involve an intentional an intent to deceit So that offense was not a CIMT But the aggravating factor that elevates an obstruction type offense Above a mere violation of a law is Intent to deceive that's what the board said in Flores and Gerardo Okay, so if my license my driver's license says that I require corrective lenses okay, and I Tell the my updated driver's license and I give the police officer my old one It doesn't show corrective lenses back when my vision was good I Then committing a crime involving moral turpitude because I'm saying Or let's see where we can even go back to my sister go back to my sister has better vision than I do So I'm giving her Her license that's that's that is immoral and depraved I Mean that wouldn't be a violation of this statute. Why wouldn't it? I'm giving it. I'm saying that I'm my sister Okay, and I'm I apologize. I think I confused the the hypothetical and as I launched but um It it seems to me that You're just saying ipso facto if you intend to deceive doesn't matter about how minor it is if it if you say Something that's not true with the intent to deceive case over Done seal sign sealed and delivered. Well, I mean under the statute at issue here Yes If you if you give a false name to a police officer after you've been detained After the officer asked you for your name with the intent to deceive the officer as to your identity Then yes, I mean that that's a serious crime. It's an important government function I mean once officers It's important in real time that they ascertain who they're dealing with to see if the person Owns the vehicle and is licensed to operate the vehicle and has outstanding warrants So yes it in the in terms of this statute Once you intend to deceive and give a false name after you've been detained with the intent of the police officer That's morally turpitude in this it's the intent to deceive under matter of Flores and matter of Gerardo So it doesn't matter how little the intent is you're saying if you have a scintilla of Intent to deceive that's I guess what I'm saying is it's not the underlying crime like it. It's not It doesn't encompass the reason you were pulled over by the police in the first place if you were Driving on a suspended license or underage like that the moral turpitude doesn't derive from that it derives from After you've been detained Lying to the police with the intent of the season so lying to the police is inherently base vile or depraved No matter what you're lying about that's your case isn't it? With the intent to deceive in other words if you're loving them awfully detained So if you lie to the police about your identity with the intent to deceive them, I'm telling you I'm my sister She's old enough to drive that is automatically Based and deprived in the moral because it's done with an intent to deceive yes under the board's decisions Which are controlling here Flores and Gerardo? Obstructing the government with an intent to deceive is under the board's definition Inherently base vile and depraved about the Keanu Reeves hypothetical. I asked the other side So I'm someone who looks improbably like Keanu Reeves And I get a lot of joy out of tricking people and so I get pulled over and they say what's your name? And I say Keanu Reeves And I do in a moment hope that you believe me when I say that and I hope for that reaction when you're gonna laugh At I don't actually I'm gonna own up to because eventually I'm gonna give you my driver's license and eventually you're gonna see I'm not In fact Keanu Reeves. I actually think that person might violate the literal language of this statute, right? My goal is in the moment in the moment for the law enforcement officer to believe me when I say I'm Keanu Reeves I There's probably not a realistic possibility being prosecuted fair enough, but That's true. I agree with that. I guess that I should have led with that and Secondly, I mean, I'm not sure the facts of that case I know you said in the moment you wanted the officer to believe that but in the moment I want him to believe it I Don't know if there's an intent to deceive in that scenario where You're joking and you come up with you know, you're thinking on a reason you come up with that You know, you're joking You know, you're gonna correct yourself. I mean, I guess in your hypothetical what if the officer really Maybe he'll let me go. Maybe he'll buy it and just let me go Because he doesn't want to give a ticket to a celebrity You Said you responded and said, you know, you're gonna correct yourself. What about the fact that petitioner here corrected himself within 30 seconds? Well, I Think that's just not relevant to the CIMT analysis. That's the type of argument That but it sounded like it was relevant to the analysis when you were responding to judge Heightens Keanu Reeves hypothetical well maybe I maybe I misspoke and got caught up in the hypothetical, but The corrections not relevant to the CIMT analysis because the moral turpitude attaches When you give the false name to please And what happens after that the correction doesn't erase the moral turpitude Because that's the aggregating aggravating factor under the case law Correct, that's correct the intent to deceive And even here I mean he did he did correct it Quickly, but it was only after having been asked a second time by the police what his name was So it seems like at that point They had run his brother's name and it didn't check out and he knew he was caught in the lie. So It seems based on on the record that there was no point in continuing and he had been arrested before so he knew He'd be identified from his fingerprints eventually I mean the fact that he gave up on trying to deceive the police doesn't erase the moral turpitude of having done it in the first place And he did have a reason to give a false name Um The record the objective work the objective evidence in the record indicates that he knew he had failed to appear in his 2011 criminal case That's thrown appendix at 377 383 265 and 381 And he had a second reason to give a false name to police in this case because when in it in addition to having failed to appear and the The record indicates that a bench warrant had been issued against him that's Appendix of 383 in addition to that. He was also Then in 2013 driving on a suspended license So perhaps the distinction between judge Heitens hypothetical in this case is this case bad faith is judge Heitens hypothetical good faith when the when the deceit occurred Well, I mean to go back to the Keanu Reeves hypothetical, I mean I I think I If there really were an intent to deceive thinking The officer would you might let me go you would avoid the ticket if you could really convince the officer that you were Keanu Reeves In that case, I think it could be prosecuted under the Virginia statute Versus if my intent in the moment was if the officer bought it to say, haha. Just kidding Hypothetical to Them you said I was just joking I'm just gonna laugh. They'll say really they'll look confused and then I'll say no man. I'm just kidding with you Here's my driver's license. I don't think I don't think there's a real intent to deceive There's such a guilty play on those facts, but the other hypothetical where He's really trying to convince the officer that he's actually Keanu Reeves because he thinks He might avoid getting a ticket I think that would be prosecuted under the statute statute because it's an attempt to deceive and he's given the officer a false name after being detained and I'd also like to say that I mean, there's no meritorious Reason to give an officer a false name after having been detained it's to avoid scrutiny or avoid arrest or deflect an investigation or Pass the blame on to someone else by framing them. There's no meritorious reason for doing it and you're saying it Absolutely doesn't matter why you're doing it. It's simply the act of deception Is that correct? That's yes, that's correct under the board's definitions in Flores and Toronto that is correct your honor And so it doesn't matter if your conduct is independently violating a moral norm. You've intended to deceive no, I What I'm saying is the intended to see Is baked in you're saying it's baked in irrespective of how trivial your reason is for doing it Yes, your honor, um, I'd like to address one thing I didn't ask whether it'd been vacated. I asked whether he'd have a plausible basis to vacate it on the grounds of ineffective assistance of counsel So He made it in the Virginia State courts just some reason he made it he made basically a post conviction motion to vacate in the Virginia State courts And I'd also like to point out to the extent that the The facts that he related to the immigration judge are inconsistent with his guilty plea to this offense I'd like to invite the court's attention to Rodriguez. That's a Second Circuit case. I cited in my brief that's the case that a published case that deferred to Flores and the there Rodriguez has raised the argument that It was a false statement in a passport case and he raised the argument that he honestly believed the statement wasn't false The Second Circuit just rejected that on the basis that it was inconsistent with his guilty plea Having the it said having pled guilty to the offense He has admitted all of the elements necessary for a conviction including knowingly submitted false information to obtain a passport And this court should do the same. It should reject His version of events as related to the immigration judge as simply Inconsistent with his guilty plea. That's what the Second Circuit did in Rodriguez. All right, do you have any other questions? Thank you All right. Thank you. We'll hear again from Ms. Vera Thank Your Honor, I will address two issues on rebuttal first is the Rodriguez case that My friend here cites two and second is the Ramirez-Sessions case of this Fourth Circuit So regarding that Rodriguez case, I will note that that case that statute Is different from the statute that we have here at issue because the language of that statute says to knowingly make any false statement With an intent to induce or secure the issuance again, which necessarily involves fraud a way that we don't have here And so I would ask this court not to conflate these concepts of Deceit and fraud because as the Seventh and Eighth Circuit or sorry, excuse me The Seventh and Tenth Circuit have pointed out in doing an analysis of deception based CIMTs They said that usually those types of statutes Involve some sort of actual or intended harm again in a way that that we do not have at this present statute Regarding the second issue of Ramirez, yes in the Fourth Circuit and Ramirez did say that Deception right could be an aggravating factor such that it would Make a statute rise to the level of a crime involving moral turpitude And I would note that if intent to deceive hadn't been in that particular statute then perhaps Yes, there would have been a finding there that that was a crime involving moral turpitude because again, that's but that's the point It is in this statute It is in the statute we're dealing with but Ramirez had something plus that we don't have in the statute So the language of that is knowingly obstructs a judge and the performance of his duties So again, the legislature's know how to write this sort of result Harm in the statutes in a way that they did not in this Virginia statute for those reasons your honors I would ask that you please remand to the Board of Immigration Appeals with Instructions to remand to the immigration judge for further fact-finding Consistent with a holding that this Virginia statute is not categorically a crime involving moral turpitude. Thank you. All right. Thank you miss wall Judge hate heightened I would like to address the matter you asked me about the public defender in Padilla So the public defender we did try to get the relief in district court but the public defender had made a one-line note that He advised of immigration consequences but he did not state what type of advice was giving or what the advice exactly was and the judge held that that was enough and denied or appealing that case I Test and mr. Cruz Even if mr. Cruz did in fact have an intent to deceive when the police officer Within a matter of 30 seconds. Mr. Cruz Amended his mistake. I'm afraid that if we find your honor that his conduct does rise to the level of a CMT It would discourage other individuals from honestly communicating with police officers after making a mistake within a few seconds I would also like to address the government's position of the hypotheticals they made up in regards to Deceiving the police officer that mr. Cruz might have known that his name would pop up or the officer would find out who he was There is credible testimony given by mr. Cruz in this case He testified on their oath and opposing counsel never at any point disputed the facts in these case Mr. Cruz states that within 30 seconds, he corrected himself after the police officer asked him for his name in incoherent Spanish He told the officer you do not understand and actually took a paper wrote his name and additionally gave his date of birth Your honors this conduct is not morally turpitude in us. It is it's not depraved. It's not vile It was just a mistake that mr. Cruz corrected in the moment Thank you your honors I expect you remind the case it'd be a thank you. All right Thank you very much. And on behalf of the court, we particularly want to thank Miss Vera and miss wall and the entire GW law immigration clinic for your work on behalf of your client And we also appreciate the able representation of mr. Minnick on behalf of the United States We'll come down in Greek Council and ask the court to adjourn court sunny day This honorable court stands adjourned until tomorrow morning. God save the United States in this honorable court
judges: Stephanie D. Thacker, Toby J. Heytens, Barbara Milano Keenan